NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY COPLIN, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 11-4422 (RBK) |
| v. | : | |
| DONNA ZICKEFOOSE, | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES**:

    JEFFREY COPLIN, #54688-066
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
    Petitioner Pro Se

**KUGLER**, District Judge

    Jeffrey Coplin, ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a two-page document "requesting to be released by the Bureau of Prisons because the judgment within the commitment order is unconstitutional in violation of equal protection of the laws." (Dkt. 1 at 1.)  This Court will construe the submission as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and summarily dismiss the Petition without prejudice to any right Petitioner may have to file a motion in the sentencing court for reduction of his sentence under 18 U.S.C. § 3582(c)(2).

**I.  BACKGROUND**

    On February 27, 2003, United States District J. Curtis Joyner sentenced Petitioner to concurrent sentences of 20 years imprisonment and 10 years of supervised release, the mandatory

minimum where a defendant has previously been convicted for a felony drug offense, see 21 U.S.C. § 841, based on his guilty plea to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and two counts of distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. § 860.  See United States v. Coplin, 106 Fed. App'x 143, 144 (3d Cir. 2004).  Petitioner appealed, and on August 9, 2004, the Third Circuit affirmed.  Id.

Coplin filed a § 2255 motion in the sentencing court in March 2006, which Judge Joyner denied in November 2007, after conducting an evidentiary hearing.  See United States v. Coplin, Crim. No. 00-0745 (JCJ) order (E.D. Pa. Nov. 2, 2007).  The Third Circuit denied a certificate of appealability on June 13, 2008.  Id. at Dkt. 105.  On September 9, 2010, the Third Circuit denied Coplin's application to file a second or successive § 2255 motion.  Id. at Dkt. 114.

Petitioner then submitted to this Court a document labeled "NOTICE" and dated June 17, 2011.  (Dkt. 1.)  The document states:

> Mr. Coplin is requesting to be released by the Bureau of Prisons because the judgment within the commitment order is unconstitutional in violation of equal protection of the laws. Specifically, Coplin is being held by the BOP pursuant to an order from a federal district court as judgment for violation of 21 U.S.C. § 841(a)(1); distribution of 50 grams of crack cocaine and sentenced to 240 months imprisonment.  Before Section 841(b)(1) was amended by Congress under the Fair Sentencing Act of 2010, defendants were being sentenced well below the mandatory minimum sentence although their offenses of conviction held them responsible for amounts of crack cocaine that mandatorily mandated the minimum sentence.  In other words, today's defendant[s] are receiving substantially lower sentences under § 841(b)(1), but having the same amount of crack cocaine or greater, same criminal conduct, and the same statute before the amending bill was introduced, violating the rights of prisoners who suffer the mandatory penalty under the 100:1 ratio.  Mr. Coplin is requesting to be released by the custodian, Wa[]rden D. Zickefoose, who has the authority to order Mr. Coplin's release through the powers delegated to her by the Attorney General, Eric Holder.  The

requested relief would remedy this complaint that Coplin's right to equal protection of the laws under the Fifth and Fourteenth Amendment(s) of the United States Constitution, and end this dispute. The controlled substance that Coplin is convicted of distributing is less serious than Congress purported, and Congress failed to conduct careful and deliberate practices before enacting the 100:1 ratio. The Executive branch of government has conceded that the 100:1 ratio is unwarranted, unreasonable and unjustifiable. The Attorney General, Eric Holder has recently stated that the newly amended ratio should be made retroactive to all prior crack cocaine case[s]. As evidence of the deprivation of Coplin's constitutional right, Coplin provides these cases showing similarly situated defendants. See United States v. Russell, . . . (W.D. Pa. Aug. 12, 2009); United States v. Owens, . . . (W.D. Pa. Aug. 12, 2009). In Russell, the defendant appeared for resentencing after the Supreme Court in Kimbrough and Spears effectively overruled U.S. v. Ricks, 494 F. 3d 394 (3d Cir. 2007), the case district court relied upon to reject a downward variance in Russell's case. Mr. Russell pled guilty to being responsible for 53.1 grams of crack cocaine. Under § 841(b)(1), the mandatory minimum is ten years. in the other case, Mr. Owens pled guilty to being responsible for 103 gram[s] of crack cocaine and 2,306 grams of powder cocaine, but was only sentenced to 50 months imprisonment. These sentences are line with what the Department of Justice announcement intended. Thus, unless Coplin is resentenced in the same manner, his right to equal protection of the laws is violated. Because the Department of Justice issued the announcement, Coplin is requesting the issue be presented to the Attorney General, who is responsible for the announcement and the delegation of authority bestowed to the Warden here at Fort Dix FCI. The equal protection component of the Fifth and Fourteenth Amendment due process clause commands that similarly situated persons be treated alike. U.S. Const. V XIV Amendments. And, the Fourteenth Amendment, in respect to administration of criminal justice, requires that no different degree or greater punishment shall be imposed on one than on all others for like offenses.

Mr. Coplin believes that if some defendants benefit from Department of Justice shift on crack cocaine offense sentences, the Fourteenth Amendment mandates that all similarly situated persons should receive that same benefit. See Bishop v. Mazurkiewicz, 484 F. Supp. 2d 871 (3d Cir. 1980). Mr. Coplin has been incarcerated 3,890 days of his life for a crime that defendants are

3

>now being sentenced to 24-30 months imprisonment.  Mr. Coplin
>is entitled to be released because he has served over and beyond
>the criminal penalty required for his criminal conduct.

(Dkt. 1 at 1-2.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

## III.  DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

Generally, a challenge to a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1]  See 28 U.S.C. § 2255(e).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2]  The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. While the Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, the court cautioned:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See Bousley v. United States, 523 U.S. 614 (1998).

>merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255**.

Dorsainvil at 251 (emphasis added).[3]

Here, Petitioner's claim - his 20-year sentence violates equal protection because the Fair Sentencing Act of 2010 provides for lower terms of incarceration for defendants convicted of the crimes for which Petitioner was sentenced in 2003 - is within the scope of claims cognizable under § 2255. Thus, he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective. Section 2255 is not inadequate or ineffective for Petitioner's claim, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted is now non-criminal. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claim, this Court lacks

---

[3] Several courts of appeals have adopted similar tests. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

jurisdiction to entertain Petitioner's claim under § 2241 and will dismiss the Petition for lack of jurisdiction.

This Court notes, however, that on June 30, 2011, the United States Sentencing Commission voted to give retroactive effect to the permanent guideline amendment regarding crack cocaine offenses implementing the Fair Sentencing Act of 2010, Pub. L. 111-220.  See News Release, U.S. Sentencing Commission (June 30, 2011), http://www.ussc.gov/Legislative and_Public_Affairs/Newsroom/Press_Releases/20110630_Press_Release.pdf (Aug. 4, 2011). Retroactivity of the guideline amendment will become effective on November 1, 2011, unless Congress acts to disapprove the amendment.  Id.  Absent congressional disapproval, crack cocaine offenders in federal prison may be eligible to file a motion in the sentencing court to reduce the sentence pursuant to 18 U.S.C. § 3585(c)(2), which authorizes a sentencing court to modify a term of imprisonment where the term is based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).[4]  See Dillon v. United States, 130 S. Ct. 2683 (2010); United States v. Flemming, 617 F. 3d 252 (3d Cir. 2010).

---

[4] Section 3582(c)(2) provides:

> **Modification of an imposed term of imprisonment**.  The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the lkSentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the [sentencing] court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The dismissal of the Petition in this case is without prejudice to any right Petitioner may have to move in the sentencing court for reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on retroactivity of the Sentencing Commission's proposed permanent amendment to the guidelines implementing the Fair Sentencing Act of 2010.[5]

### IV.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to move for reduction of his sentence under 18 U.S.C. § 3582(c)(2).

                     s/Robert B. Kugler  
                     **ROBERT B. KUGLER**, District Judge

Dated:     August 5    , 2011

---

[5] This Court has not evaluated the merits of any motion under 18 U.S.C. § 3582(c)(2).